**O**

**JS-6**

cc:order, docket, remand letter to
San Bernardino County Superior Court
No. UDVS 1103492

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR HOLDERS OF SAMI II TRAUST 2006-AR7,<br><br>    Plaintiff,<br>    v.<br>MARIA G. MARTINEZ and DOES I through X, Inclusive,<br><br>    Defendants. | Case No. 5:11-cv-01979-ODW (SPx)<br><br>**ORDER REMANDING CASE TO SAN BERNARDINO COUNTY SUPERIOR COURT** |

The Court is in receipt of Defendant Maria Martinez's Notice of Removal. Having carefully considered the papers filed in conjunction with the Notice, however, the Court determines that it lacks subject matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to San Bernardino County Superior Court.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had

original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)). Here, Defendant claims that this Court has subject matter jurisdiction over this state-law unlawful detainer action under diversity jurisdiction, 28 U.S.C. § 1332. (Dkt. No. 1.)

For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Under the "legal certainty" standard, a federal court lacks subject matter jurisdiction under § 1332 where "upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

Here, Defendant's removal papers allege that "the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000 as the amount of the original loan was for $624,204 and the market value of the property is at least $350,000." (Notice of Removal ¶ 9.) However, the object of this unlawful detainer action is not the value of Defendant's home, but rather the fair rental value of the premises Defendant owes Plaintiff—$156.00 per day—for remaining in a home that no longer belongs to Defendant from October 17, 2011, through entry of judgment. (Compl. ¶¶ 9, 13.) Indeed, the face of Plaintiff's Complaint indicates that Plaintiff does not demand an amount in excess of $10,000.00. Therefore, the amount in

1  controversy in this case does not exceed $75,000.00, exclusive of interest and costs.
2  Moreover, the Court notes as a more fundamental matter that Defendant may not
3  remove a state-law unlawful detainer action as a means to mount a collateral attack on
4  the underlying foreclosure.
5      In light of the foregoing, the Court hereby **REMANDS** this case to the San
6  Bernardino County Superior Court.  The Clerk of Court shall close this case.

8      **IT IS SO ORDERED.**

10      April 3, 2012

                                    _____
                                    **HON. OTIS D. WRIGHT II**
                                    **UNITED STATES DISTRICT JUDGE**